# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALAN N. SCOTT, | |
| Petitioner, | NO. 3:06-CV-01790 |
| v. | (JUDGE CAPUTO) |
| WARDEN, F.C.I. SCHUYLKILL, and U.S. BUREAU OF PRISONS, | (MAGISTRATE JUDGE MANNION) |
| Respondents. | |

## **MEMORANDUM**

Presently before the Court is Petitioner Alan N. Scott's Motion for Reconsideration (Doc. 24), in response to the Court's Order of June 7, 2007, denying Scott's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated below, the Petitioner's motion for reconsideration will be denied.

## **BACKGROUND**

The Petitioner, Alan N. Scott, is a *pro se* litigant filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. At that time, he was an inmate at the Federal Correctional Institution Schuylkill in Minersville, Pennsylvania. (Pet. ¶ 1, Doc. 1.) His petition challenges a disciplinary proceeding in 2001 that led to the loss of 27 days good conduct time as a violation of his due process rights, and seeks restoration of the credit, and an expungement of the incident report. (*Id.* ¶¶ 4-6.)

Magistrate Judge Malachy E. Mannion issued a Report and Recommendation on May 10, 2007 which recommended that the petition for writ of habeas corpus be denied, because the petition was moot as the Petitioner had been released from prison at that time. (Doc. 18.) On May 29, 2007, this Court entered an Order (Doc. 20) granting

Petitioner's Motion to Enlarge Time for Objections to the Magistrate's Report and Recommendation (Doc.19), giving Petitioner until June 4, 2007 to file his objections. No objections were filed on or before June 4th. An Order was entered on June 7, 2007, adopting the Magistrate's Report and Recommendations, and thereby dismissing the petition for writ of habeas corpus. (Doc. 21.) Petitioner then filed objections on June 8, 2007, and June 11, 2007. (Docs. 22, 23.) The Petitioner subsequently filed the present Motion for Reconsideration on June 18, 2007. (Doc. 24.) This motion is fully briefed and ripe for disposition.

## LEGAL STANDARD

A motion for reconsideration is governed by Rule 59(e) of the Federal Rules of Civil Procedure, which allows a party to move to alter or amend a judgment within ten days of entry. FED. R. CIV. P. 59(e). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). A judgment may be altered or amended if the party seeking reconsideration establishes at least one of the following grounds: "(1) an intervening change in controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café, by Lou-Ann, Inc., v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999). "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between

the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp.2d 588, 606 (M.D. Pa. 2002). "[R]econsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *Hill v. Tammac Corp.*, Civ. A. No. 05-1148, 2006 WL 529044, at *2 (M.D. Pa. Mar. 3, 2006). Lastly, the reconsideration of a judgment is an extraordinary remedy, and such motions should be granted sparingly. *D'Angio v. Borough of Nescopeck*, 56 F. Supp.2d 502, 504 (M.D. Pa. 1999).

**DISCUSSION**

In his Motion for Reconsideration, Petitioner argues that the Court "jumped the gun" in rendering the Court's Order of June 7, 2007 by failing to review his objections to the Magistrate's Report and Recommendation. (Doc. 24 ¶ 3.) He further argues that his objections were timely mailed on time based upon the Prison Mailbox Rule (*Id.*) Finally, Petitioner argues that his Objections and exhibits will conclusively show this case is not moot. (*Id.* ¶ 4.)

While Petitioner accurately states the law with regard to the Prison Mailbox Rule, it appears that his Objections to Magistrate Judge Mannion's Report and Recommendation nevertheless not timely filed. He makes the argument in Exhibit B of his Motion for Reconsideration that he submitted his objections to the Report and Recommendation on June 4, 2007, and certifies such in the section entitled "Certificate of Mailing." (Doc. 24 at 4.) If this were the accurate delivery date, then, according to the Prison Mailbox Rule the filing would have been timely. The Prison Mailbox Rule, established by the Supreme Court in *Houston v. Lack*, 487 U.S. 266, 270-72 (1988), states that objections are

deemed timely filed upon the deposit in the jail internal mail system.  While Petitioner accurately states this rule, it appears from the "Inmate Money Receipt" included as Exhibit C to the present motion, that the deposit for postage was in fact made on June 6, 2007.  (*Id.* at 5.)  As this deposit is two days after the date required by the Prison Mailbox Rule, Petitioner's objections are not timely filed.

Even assuming, however, that the objections were timely filed, the Petitioner's objections would nonetheless be denied upon the merits.  The cases that the Petitioner cites in his objections both arose from a situation where the prisoner was serving a subsequent sentence but had not been released from prison.  In *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005), Defoy was initially imprisoned on charges related to armed robbery, and then later imprisoned on charges for a sex offense.  The Third Circuit Court of Appeals found that DeFoy's habeas petition was not moot because any remedy granted to him might affect his release date for the sentence he was currently serving. *Id.* at 442.  In this case, Petitioner has not been sentenced on any other federal charge, and therefore, there can not be any effect on any sentence that the Petitioner is currently serving.

Petitioner also cites dicta in *United States v. Johnson*, 529 U.S. 53, 60 (2000), for the proposition that "equitable considerations of great weight exist where an individual is incarcerated beyond the proper expiration of his prison term."  This proposition does not apply to Petitioner's case because Petitioner was released from custody of the Bureau of Prisons into a supervised release.  The case the Petitioner cites explains that a term of supervised release cannot be offset by a habeas petition for any excess term of incarceration served by the prisoner.  *Id.* at 56-59.  Accordingly, the Court is unable to

redress a harm that Petitioner has not encountered, as he was not incarcerated beyond the proper expiration of his prison term, but instead was released from prison into a supervised release program.

After a review of his objections, it is clear that Petitioner's motion remains moot. The fact that he has pled guilty to essentially the same crime in the United States District Court for the Eastern District of New York will not enable this Court to order that time be credited against a future term of imprisonment when there is currently no sentence to be offset by the restoration of the good behavior credit.  To do so would be purely speculative, which contravenes the purpose of habeas corpus and the scope of this Court's authority.  *See Spencer v. Kemna*, 523 U.S. 1, 14-16 (1998); *United States v. Loftus*, 796 F. Supp. 815, 827 (M.D. Pa. 1992) (citing *United States v. Craig*, 907 F. 2d 6253, 658 (7th Cir. 1990)).  Though Petitioner argues that his guilty plea and plea agreement ensure that there will be further jail time in his future, the plea agreement is not binding on the Eastern District of New York court, and accordingly any relief this Court would give would be speculative, even if it chose to rely on the plea agreement. (Doc. 24 Ex. C ¶¶ 3, 6.)  Therefore, the contents of Petitioner's objections, even if considered, would not have resulted in a different outcome.

Because the Petitioner has failed to carry his burden that there is a change in controlling law, new evidence, or some clear error of law or fact, the Petitioner's motion for reconsideration will be denied.

## CONCLUSION

For the reasons stated above, the Court will deny Petitioner Alan N. Scott's motion

for reconsideration.  (Doc. 24.)

      An appropriate order follows.


November  9 , 2007                             /s/ A. Richard Caputo
                                                      A. Richard Caputo
                                                      United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALAN N. SCOTT,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, F.C.I. SCHUYLKILL, and U.S. BUREAU OF PRISONS,<br><br>    Respondents. | NO. 3:06-CV-01790<br><br>(JUDGE CAPUTO)<br><br>(MAGISTRATE JUDGE MANNION) |

## **ORDER**

**NOW**, this  9th  day of November, 2007, upon review of Petitioner's Motion for Reconsideration, **IT IS HEREBY ORDERED** that:

(1) The Motion for Reconsideration (Doc. 24) is **DENIED**.

(2) The Clerk of Court is ordered to mark this matter as **CLOSED**.

                                                /s/ A. Richard Caputo
                                                A. Richard Caputo
                                                United States District Judge